Major COOK and James Harold Jackson, Appellants,

v.

UNITED STATES of America, Appellee.

No. 20425.

United States Court of Appeals Ninth Circuit.

Aug. 26, 1966.

Luke McKissack, Los Angeles, Cal., for appellants.

Manuel L. Real, U. S. Atty., John K. Van de Kamp, Asst. U. S. Atty., Chief, Crim. Div., J. Brin Schulman, Asst. U. S. Atty., Asst. Chief Crim. Div., Jules D. Barnett, Asst. U. S. Atty., Los Angeles, Cal., for appellee.

Before POPE, BARNES and ELY, Circuit Judges.

PER CURIAM.

In our decision in this case we reversed the judgment and remanded the cause to the court below for a new trial, because there was no proof the alleged narcotic was in fact a narcotic. Now the appellants, who won the new trial, have petitioned for a rehearing alleging that we should not have ordered a new trial but should have ordered the case dismissed on the ground that there was a complete lack of proof to establish federal jurisdiction. Relying upon Jefferson v. United States, 9 Cir., 340 F.2d 193, appellants assert that there was no proof of either actual or constructive possession of alleged narcotics by either defendant and hence that the Government cannot rely on Sec. 174 of Title 21 U.S.C. which holds that when a defendant is shown to have had possession of a narcotic drug, such possession should be deemed sufficient evidence to authorize conviction under the statute which provides for proof of knowledge that the drug was imported or brought into the United States contrary to law. Appellants assert that the prosecution relied upon proof of narcotics in the possession of an unindicted co-conspirator.

It is true that the alleged heroin introduced as Exhibit 4 at the trial was taken from the unindicted co-conspirator when he was arrested; that, however, is not the only evidence of possession. Referring to a sample of heroin, the Government's principal witness testified as follows:

"Q. And who was present at Carmona or on Carmona Street, at that time?

A. Mr. Cook and Mr. Jackson.

Q. They were both together?

A. Yes.

Q. Now, what did you do, then?

A. Well, I gave them the sample and they spread it on the table and began to discuss the possibility of distributing it and elaborated on the quantity—quality of it.

Q. What did Mr. Jackson say, if he said anything?

A. Well, Mr. Jackson seemed to approve; he say it looked pretty good and if it was all like that, that we wouldn't have any trouble distributing it. So, they taken the sample to go some place and have it tested, and we left."

█ If on a new trial the evidence which we heretofore found lacking because of an apparent oversight is produced and the sample referred to in the testimony just quoted is identified as having come from the same source as Exhibit 4, then the required proof will have been supplied.

█ In their petition the appellants offered to stipulate that the exhibits received in evidence, including Exhibit 4, were narcotics. The Government very properly does not attempt to have us affirm the conviction on the basis of this stipulation. It is elementary that the record on appeal cannot be enlarged in the appellate court either by testimony or by other means. Accordingly our remand for a new trial stands and the petition for rehearing is denied.